**Lloyd BUCKNELL, Plaintiff,**

v.

**REFINED SUGARS, INC., Defendant.**

**No. 99 Civ. 2626(WCC).**

United States District Court,
S.D. New York.

Jan. 21, 2000.

Law Offices of Michael H. Sussman, Goshen, NY, Michael H. Sussman, of counsel, for plaintiff.

Klein, Zelman, Rothermel & Dichter, L.L.P., New York City, Jane B. Jacobs, of counsel, for defendant.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

This action arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and New York Executive Law § 296. Plaintiff Lloyd Bucknell, an electrician employed by defendant Refined Sugars, Inc. ("RSI"), claims he was denied a promotion to the position of electrical technician because of his age. Currently before this Court is defendant's motion for summary judgment. For the reasons stated below, defendant's motion is granted.

## BACKGROUND

Plaintiff, born on February 13, 1938, was sixty years old at the time of the events in question. (Def.Rule 56.1 Stmt. ¶ 1.) Plaintiff was hired by RSI on July 22, 1977 as an electrical improver, and was promoted eight months later to his current position of electrician. (*Id.* at ¶ 2.) Plaintiff has been a member of Local 1814, ILA (the "Union") throughout his employment. (*Id.* at ¶ 3.)

In 1994, RSI created the position of electrical technician ("ET"). (*Id.* at ¶ 4.) Prior to creation of the ET position, RSI employed both electricians and instrumentation employees. RSI often had to assign both an electrician and an instrumentation employee to do jobs that included both electrical and instrumentation work. (Brainard Aff. ¶ 3.) RSI created the ET position to be able to assign only one employee to jobs that included both types of work. (*Id.* at ¶ 4.) In 1994, RSI contracted with AVO Training Institute in Dallas, Texas to provide training of electricians and instrumentation employees to become ETs. (Def.Rule 56.1 Stmt. ¶ 6.)

Plaintiff was selected, with four other employees, for the ET training program in 1994 on the basis of seniority. (*Id.* at ¶ 9.) Plaintiff was fifty-six years old at the time he was selected for the training program. The ET training required that the employees take ten exams. All employees and the Union were advised that:

> Each employee can retake a training class one time only, if needed, up to a maximum of 20% of the total training courses. Employees who fail to complete the training will revert to the old position at their old rate, and will not be allowed to apply for future electrical technician positions.

Pl.Dep., Ex. G. Therefore, before he was selected for ET training, plaintiff understood that he would be dropped from the training course if he failed two out of the ten exams. (Pl.Dep. at 89.) Defendant asserts that plaintiff also knew that he would not be permitted to reapply for an ET position in the future. Although plaintiff admits that the Union was informed that if the employees failed two exams they would not be permitted to reapply, he asserts that after he was dropped from the program, Donald Brainard, RSI's Vice President for Human Resources, told plaintiff that he could reapply in the future. (Pl.Dep. at 90.)

There is some dispute as to whether plaintiff took four or five parts of the AVO training program. However, this dispute is immaterial because plaintiff failed two of the first four or five parts of the class and was removed from the training program. (Def.Rule 56.1 Stmt. ¶ 19.)

After the conclusion of the AVO training program, no new ET positions were created until July 1998. In July 1998, RSI posted openings for ET positions. Plaintiff, and other employees, bid on the positions. Because the applicants were a mix of electricians and instrumentation employees, defendant felt that separate training was required: electricians had to learn instrumentation work and instrumentation employees had to learn electrical work. (*Id.* at ¶ 33.) Plaintiff disputes that separate training was required for the electricians and instrumentation employees. (Pl. Resp.Def.Rule 56.1 Stmt. ¶ 33.)

Defendant intended to promote as many employees as were qualified. (*Id.* at ¶ 38.) Instead of holding two costly training courses, defendant decided to determine whether there were any electricians or instrumentation employees that already knew enough about the other craft to work as an ET without additional training. (Def.Rule 56.1 Stmt. ¶ 37.) The employees who bid on the 1998 ET positions, their ages at the time of the 1998 promotions, their dates of birth and dates of hire were:

| Applicant | Date of Birth | Date of Hire | Age in 1998 |
|---|---|---|---|
| Sherif Ali | 09–08–66 | 10–28–96 | 32 |
| Herb Coleman | 08–02–46 | 03–26–90 | 52 |
| Nyron Ali | 11–10–64 | 05–13–91 | 34 |
| Mustafa Rafig | 07–29–59 | 01–03–89 | 39 |
| **Lloyd Bucknell** | **02–13–38** | **08–22–77** | **60** |
| Arkady Korsky | 11–20–56 | 05–29–90 | 42 |
| **Victor Scarano** | **07–28–68** | **11–04–96** | **30** |
| Uchol Barrett | 01–18–50 | 06–26–89 | 48 |
| Angel Castro | 06–17–53 | 03–30–81 | 53 |
| **Feroze "Steve" Ali** | **10–26–67** | **03–25–91** | **31** |
| Anthony Bryan | 01–19–51 | 06–29–98 | 37 |

Def.Rule 56.1 Stmt. ¶ 46 (plaintiff and promoted employees in bold).

The Electrical Supervisor at RSI, Albert Gazzola, formulated and administered a test to determine which applicants were qualified to work as ETs. Specifically, Gazzola formulated one test for applicants who were electricians and another for applicants who were instrumentation employees. Plaintiff argues that the test administered to instrumentation employees was "much easier" than the test given to electricians. (Pl.Resp.Def.Rule 56.1 Stmt. ¶ 43.) Both tests required that the employee answer at least eight out of nine questions correctly. At best, plaintiff answered two questions correctly.[1] (Gazzola Dep. at 58–59.) On the basis of this oral examination, plaintiff was not promoted.

Defendant promoted two employees on the basis of Gazzola's oral examination: Victor Scarano and Feroze "Steve" Ali. In 1998, Scarano was thirty years old and Ali was thirty-one years old. They were the two youngest employees that bid on the ET position in 1998. Both Scarano and Ali answered all of the questions correctly. (Def.Rule 56.1 Stmt. ¶ 43.) Scarano was asked the same questions as plaintiff. (Gazzola Dep. at 58.) Ali was asked electrical questions because he was an instrumentation employee. (Gazzola Dep. at 70.)

After Scarano and Ali were promoted, plaintiff filed a grievance with RSI claiming that he was denied seniority rights with respect to the promotion to ET. (Pl. Dep., Ex. K.) RSI denied the grievance, and the Union has not taken it to arbitration.

Plaintiff now argues that Scarano and Ali were not qualified for the promotion to ET. Article 2, Section 5 of the contract between RSI and the Union provides:

> An employee who has secured a job through the posting system will not be eligible to apply for another job through the polling/posting system until at least twenty-four months have elapsed since their date of acceptance for such job.

Def.Rule 56.1 Stmt. ¶ 56 (*hereinafter* the "two-year rule").

When Scarano and Ali applied for the ET position in July 1998 neither had worked for twenty-four months in their then-current position. Defendant defends the promotion of Scarano and Ali by noting that by the time they were promoted, Ali had worked two years in his prior position and Scarano was three days short of his second anniversary in his prior position. (*Id.* at ¶ 58.) Defendant also notes that the two-year rule has been waived in other cases. (*Id.* at ¶ 57.) However, RSI did not ask for a waiver in the case of Scarano and Ali. (Brainard Dep. at 34.)

Plaintiff alleges that Scarano and Ali were treated differently than he was.

---

1. Gazzola testified at his deposition that plaintiff answered one question correctly and was "close" on another question, but answered the remaining seven questions incorrectly. (Gazzola Dep. at 58–59.)

When asked why, plaintiff responded, "I don't know," although he indicated that Scarano and Ali are younger than plaintiff, Scarano and Ali received an easier test, and plaintiff has greater skills than Scarano. (Pl.Resp.Def.Rule 56.1 Stmt. ¶ 54 .)

According to defendant, promotions at RSI are made on the basis of seniority and ability to do the job. (Def.Rule 56.1 Stmt. ¶ 55; Def.Ex. L.) Although plaintiff argues in his brief that "awarding positions to the most senior qualified persons" is "a bedrock substantive principle," (Pl.Br. at 7), plaintiff testified in his deposition that ability is a factor. (Pl.Dep. at 140.)

## DISCUSSION

### I. *Summary Judgment Standard*

A district court may grant summary judgment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Quaratino v. Tiffany & Co.,* 71 F.3d 58, 64 (2d Cir.1995), *vacated and remanded on other grounds,* 166 F.3d 422 (1999). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995). The party seeking summary judgment has the burden of showing that no genuine factual dispute exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

### II. *Plaintiff's ADEA Claim*

The ADEA forbids employers from discriminating in hiring, discharge, or setting of "compensation, terms, condi-tions, or privileges of employment" based upon the age of an employee. 29 U.S.C. § 623(a)(1). The ADEA covers the class of employees over the age of forty. *See* 29 U.S.C. § 631(a). The requirements of proof of age discrimination are the same as that for proving discrimination under Title VII. *See Raskin v. Wyatt Co.,* 125 F.3d 55, 60 (2d Cir.1997). The elements of an employment discrimination claim are "virtually identical" under the New York Executive Law and Title VII. *Lacoparra v. Pergament Home Centers, Inc.,* 982 F.Supp. 213, 225 (S.D.N.Y.1997). Therefore, our analysis of plaintiff's ADEA claim is equally applicable to plaintiff's claim under New York Executive Law § 296.

A claim for employment discrimination is governed by the three-step burden shifting analysis of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this analysis, plaintiff must first establish a prima facie case of discrimination. If the plaintiff makes out a prima facie case, a presumption that the employer unlawfully discriminated against the employee is raised and the burden of production then shifts to the employer to "articulate a legitimate, clear, specific and nondiscriminatory reason for [failing to promote] the employee." *Quaratino,* 71 F.3d at 64. If the employer does so, the presumption of discrimination drops out and the plaintiff has the burden of proof by a preponderance of the evidence that the employer's stated reason was merely a pretext for discrimination. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Plaintiff must establish "both that the reason was false, and that discrimination was the real reason." *Id.*

### A. *Plaintiff's Prima Facie Case*

To establish a prima facie case of age discrimination, plaintiff must show that (1) he was within the protected age group; (2) he was qualified for the job; (3) he suffered from an adverse employment

decision; and (4) the employment decision occurred under circumstances giving rise to an inference of age discrimination. *See Hollander v. American Cyanamid Co.,* 172 F.3d 192, 199 (2d Cir.1999). The burden of proof to establish a prima facie case is minimal. *See Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 37 (2d Cir.1994).

Plaintiff was sixty years old in 1998, and therefore within the protected age group. There is also no dispute that plaintiff was denied a promotion to the ET position, thus suffering an adverse employment decision. There is, however, some question as to whether plaintiff was qualified for the job.

■■■■ Plaintiff failed out of the training program for the ET position in 1994. Then in 1998, he was unable to answer correctly more than two out of nine questions on Gazzola's oral test. Plaintiff has put forth evidence that he has performed various instrumentation functions. (Pl. Dep. at 59–82.) To establish a prima facie case, an employee "only needs to demonstrate that [he] possesses the basic skills necessary for performance of the job." *Owens v. New York City Housing Auth.,* 934 F.2d 405, 409 (2d Cir.1991), *cert. denied,* 502 U.S. 964, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991). In light of defendant's concession that plaintiff met this minimal burden and established a prima facie case, (*see* Def.Br. at 21 n. 17), this Court will accept that plaintiff was sufficiently qualified to establish a prima facie case.[2]

Plaintiff asserts that age discrimination may be inferred from the circumstances surrounding the failure to promote plaintiff. Specifically, plaintiff argues that RSI deviated from their policy of promotion based upon seniority, violated the collective bargaining agreement by even considering Scarano and Ali for the promotion

because they had not worked twenty-four months in their previous positions, and utilized unconventional procedures by allowing Gazzola to formulate and administer the test for the promotion. In *Norville v. Staten Island Univ. Hosp.,* 196 F.3d 89, 97 (2d Cir.1999), the plaintiff produced sufficient evidence to establish the final element of her prima facie case by showing that her employer's actions in filling a position deviated from its standard practice. Similarly, plaintiff's allegations of RSI's deviations from standard policy and practice in promotion are sufficient to satisfy the minimal burden on the plaintiff and establish a prima facie case.

**B. Defendant's Legitimate Non–Discriminatory Reason for the Failure to Promote**

Once the plaintiff has established a prima facie case of discrimination, the burden of production passes to the defendant to offer a legitimate, non-discriminatory reason for failing to promote the plaintiff. Defendant asserts that plaintiff was not promoted because he was not qualified for the ET position.

First, in 1994 plaintiff was dropped from the AVO training program after he failed two out of either four or five classes. He was the only one of the five trainees who did not complete the course successfully. (Pl.Dep. at 96–97.) Although under RSI's rules plaintiff was ineligible for any future ET positions, Brainard agreed that plaintiff could bid on future ET positions.

Plaintiff claims that between 1994 and 1998 he engaged in additional self-study of instrumentation, but he could not recall whether he studied for more than ten hours. (Pl.Dep. at 100.) In 1998, plaintiff bid on a newly posted ET position. In order to receive the promotion to ET, an applicant had to answer at least eight out

---

**2.** Some courts within this Circuit assume the existence of a prima facie case and move to the "ultimate issue" of "whether the plaintiff has proven that it is more likely than not that the employer's decision was motivated at least in part by an 'impermissible,' or discriminatory, reason." *Shafrir v. Association of Reform Zionists of Am.,* 998 F.Supp. 355, 360 (S.D.N.Y.1998) (Chin, J.).

of nine questions correct on Gazzola's oral test. Plaintiff received the same test as Scarano and all of the other electricians that applied for the promotion. At best, plaintiff answered two questions correctly.

Considering plaintiff's failure in both the 1994 training course and in the 1998 oral test, defendant has met its burden of establishing a legitimate non-discriminatory reason for its failure to promote plaintiff.

## C. *Pretext*

■ Once defendant has established a non-discriminatory reason for its failure to promote, the presumption of age discrimination disappears. In order to survive a motion for summary judgment, plaintiff must show a material issue of fact as to whether (1) defendant's asserted reason for the failure to promote is false or unworthy of belief and (2) more likely than not the employee's age was the real reason. *See Woroski v. Nashua Corp.*, 31 F.3d 105, 108–09 (2d Cir.1994).

■ Plaintiff has failed to put forth sufficient evidence that plaintiff was qualified for the promotion or that defendant did not believe that plaintiff was unqualified. As discussed *supra*, Part A., plaintiff twice failed exams required for promotion to the ET position. In 1998, plaintiff was able to answer correctly only two of nine questions on instrumentation. Plaintiff asserts that he has completed numerous instrumentation projects and has studied instrumentation independently. Defendant disputes that plaintiff's work included instrumentation projects and argues that plaintiff's own testimony shows that the work was actually electrical. This dispute is immaterial because even if plaintiff has performed instrumentation work since 1994, he remains unqualified for the ET position. Plaintiff's poor performance on the 1994 and 1998 exams establishes that he did not have the skills or knowledge that defendant required for the ET position. Plaintiff's personal belief that he was the most qualified person for the job is not enough to create an inference of discrimination. *See Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 129 (2d Cir. 1996); *Wado v. Xerox Corp.*, 991 F.Supp. 174, 188 (W.D.N.Y.1998), *aff'd Smith v. Xerox Corp.*, 196 F.3d 358 (2d Cir.1999).

However, the issue is not "the correctness or desirability or the reasons offered … [but] whether the employer honestly believes in the reasons it offers." *Fischbach v. District of Columbia Dept. of Corrections*, 86 F.3d 1180, 1183 (D.C.Cir.1996). In *Randle v. City of Aurora*, the defendant's asserted reason for failing to promote the plaintiff was that she was not qualified because she did not have the requisite college degree. 69 F.3d 441, 454 (10th Cir.1995). The plaintiff established a genuine issue of fact as to whether the defendant honestly believed its reason by showing that the defendant failed to fire the employee given the promotion after learning that she had misrepresented her qualifications and did not have a college degree. *See id.* In contrast, plaintiff here has presented no evidence that defendant does not believe its asserted reason for failing to promote plaintiff. Defendant was consistent in its standards for promotion; RSI did not promote an unqualified younger employee, but promoted only the two employees who demonstrated their qualification by answering all of the questions on the oral test correctly. Plaintiff has failed to establish that defendant's asserted reason for the failure to promote, plaintiff's lack of qualifications, was pretextual.

Even assuming plaintiff has shown defendant's assertion to be pretextual, plaintiff also must prove by a preponderance of evidence that plaintiff's age was the real reason that defendant did not promote him. Plaintiff puts forth several arguments to support his position that defendant's real reason for failing to promote him was his age. First, plaintiff points out that the employees that received the promotion to ET, Scarano and Ali, were the two youngest applicants, at ages 30 and 31 respectively. However, promotion of a

younger employee is not enough to demonstrate age discrimination. *See Banks v. Travelers Companies,* 180 F.3d 358, 367 (2d Cir.1999); *Wado,* 991 F.Supp. at 194. This Court also notes that RSI failed to promote four applicants that were under the age of forty, which belies plaintiff's assertion that RSI demonstrated a preference for younger employees.

Plaintiff relies heavily on RSI's deviation from its alleged policy of promotion and hiring based upon seniority as evidence of age discrimination. Yet plaintiff admits in his deposition that both seniority *and* ability are considered by RSI in giving promotions. (Pl.Dep. at 140.) Although "failure to follow an organization's stated policies or routine procedures can be evidence of pretext," *Stern v. Trustees of Columbia Univ.,* 131 F.3d 305, 313 (2d Cir.1997), RSI did not deviate from its stated policy of considering both seniority and ability in promoting employees. Plaintiff does not dispute that defendant was willing to promote as many applicants as were qualified. (Def.Rule 56.1 Stmt. ¶ 38; Pl.Resp.Def.Rule 56.1 Stmt. ¶ 38.) Scarano and Ali were the only employees who were qualified for the ET position; there were no employees with more seniority that were qualified but not promoted.

Even if defendant ignored seniority when promoting Scarano and Ali to ET, that alone is insufficient to satisfy plaintiff's burden of proving age discrimination by a preponderance of the evidence. In *Norville v. Staten Island Univ. Hosp.,* despite testimony by a union representative that when two equally qualified employees apply for a new position, it goes to the applicant with more seniority, the employer awarded the new position to the applicant with less seniority, instead of promoting the plaintiff. 196 F.3d 89, 97 (2d Cir. 1999). Although the court found that the employer's deviation from its standard practice of relying on seniority principles was sufficient to establish a prima facie case, the deviation was insufficient to prove pretext. *See id.* at 98. Similarly, although plaintiff's allegations that RSI deviated from standard procedures in failing to promote plaintiff were sufficient to establish the final element of a prima facie case, these allegations do not prove that it is more likely than not that defendant discriminated against plaintiff.

In addition, "[t]he ADEA targets discrimination against employees who fall within a protected age category, not employees who have attained a given seniority status." *Williams v. General Motors Corp.,* 656 F.2d 120, 131 n. 17 (5th Cir., Unit B 1981). For example, Mustafa Rafig, another applicant for the ET promotion, was thirty-nine years old in 1998, thus not falling within the class of individuals protected by the ADEA. However, Rafig was the third most-senior applicant for the ET promotion, and thus would be among those protected by seniority principles. RSI's alleged deviation from seniority principles alone does not lead to an inference of age discrimination.

Plaintiff also argues that age discrimination can be inferred from RSI's decision to promote Scarano and Ali in deviation from the collective bargaining agreement's two-year rule. Violation of the collective bargaining agreement alone is insufficient to create an inference of age discrimination. *See Gibbs v. Consolidated Edison of New York, Inc.,* 714 F.Supp. 85, 92 (S.D.N.Y. 1989). In *Gibbs,* the plaintiff alleged that the employer violated the terms of the collective bargaining agreement but the court found that without any additional evidence that race or national origin were considered in the employer's failure to promote the plaintiff, no discrimination could be inferred. *Id.* Similarly, RSI's alleged violation of the collective bargaining agreement is insufficient without additional evidence of RSI's consideration of plaintiff's age to create an inference of age discrimination.

Further, plaintiff argues in his affidavit that the two-year rule was "negotiated by [the] Union as a means of protecting more

senior employees...." (Pl.Aff.¶ 9.) Defendant asserts that the rule was a management proposal that enabled RSI to avoid wasting the cost and benefit of training an employee, only to have the employee transfer to a different job. (Def.Br. at 12.) However, this dispute is immaterial because even if the rule was negotiated to protect senior employees, the ADEA protects employees on the basis of age, not seniority. *See Williams,* 656 F.2d at 131 n. 17.

█ Plaintiff asserts that defendant departed from its normal rules and regulations, both by promoting Scarano and Ali in violation of the two-year rule and by using an oral test formulated by Gazzola instead of a training program to select applicants for the ET position. Departures from normal procedures "may be relevant, particularly if the factors usually considered important by the decision-maker strongly favor a decision contrary to the one reached." *Village of Arlington Heights v. Metropolitan Housing Develop. Corp.,* 429 U.S. 252, 266, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). Here, RSI usually considers seniority and ability in promoting employees. Even if defendant deviated from the two-year rule and departed from its normal testing and training procedures, RSI considered the usual factors, seniority and ability, in making its decision to promote Scarano and Ali. This Court cannot require that defendant promote an unqualified employee because he or she has more seniority than a qualified employee.

Again, "an employer's failure to follow its own regulations and procedures, alone, may not be sufficient to support" the conclusion that its explanation for the promotion is pretextual. *Fischbach,* 86 F.3d at 1183, *quoting Johnson v. Lehman,* 679 F.2d 918, 922 (D.C.Cir.1982). In *Tadros v. Public Employees Fed'n,* the plaintiff accused the defendant union of deviating from its regulations and policies in failing to challenge his lay-off, but offered no facts supporting an inference that these deviations were racially motivated. No. 94 Civ. 6893, 1996 WL 631705, at *3–4 (S.D.N.Y. Oct.30, 1996) (denying the defendants' motion to dismiss as to the union only because the union was vicariously liable for the actions of another defendant).

Like the plaintiff in *Tadros,* plaintiff has failed to offer any facts supporting the inference that RSI's deviation from the two-year rule or its testing procedures were motivated by age discrimination. These policies are not, as plaintiff argues, "in place to benefit older workers," but at best are in place to protect employees with seniority. Deviation from policies that protect seniority alone is not evidence of age discrimination. This Court notes that plaintiff has put forth no evidence of age-related comments or poor treatment of older employees at RSI. *See Grady v. Affiliated Central, Inc.,* 130 F.3d 553, 561 (2d Cir.1997). All of the electricians that applied for the promotion to ET, including both plaintiff and Scarano, received the same test to qualify for the position. *See DeMarco v. Holy Cross High School,* 4 F.3d 166, 171 (2d Cir.1993) (stating that the pretext inquiry normally focuses on "whether the rule applied to the plaintiff has been applied uniformly"). Even considering the facts in the light most favorable to plaintiff, RSI's alleged deviations from the two-year rule, from seniority principles, and from its usual testing and training procedures, do not create an inference of age discrimination.

This Court also notes that defendant deviated from its rules and policies by allowing plaintiff to reapply for the ET position in 1998. Plaintiff understood that after failing two out of the ten training exams, he would be dropped from the training program and would not be permitted to reapply. At plaintiff's request, RSI, through Brainard, gave plaintiff permission to reapply for the ET position in the future. Thus, in 1998, plaintiff enjoyed the benefits of defendant's deviation from its policy as regards the ET training and was able to reapply for the position. Defendant's accommodation of plaintiff's request

to reapply undermines plaintiff's argument that discrimination can be inferred by defendant's deviation from its standard policies. Plaintiff has failed to show that it is more likely than not that defendant failed to promote plaintiff to the ET position because of his age.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is granted. The Clerk of the Court shall enter judgment for defendant Refined Sugars, Inc.

SO ORDERED.